Jordan L. Lurie (SBN 130013)
Jordan.Lurie@CapstoneLawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@CapstoneLawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiffs Humberto Daniel Klee and David Wallak

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| HUMBERTO DANIEL KLEE and DAVID WALLAK individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.; and NISSAN MOTOR COMPANY, LTD.,<br><br>Defendants. | Case No. CV12-08238 DDP (PJWx)<br><br>**CLASS ACTION**<br><br>Assigned to the Honorable Dean D. Pregerson<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**<br><br>Judge:      Hon. Dean D. Pregerson<br>Location:   312 North Spring Street, Second Floor, Crtrm. 3 Los Angeles, CA 90012<br><br>Complaint Filed:   September 24, 2012 |

Plaintiffs Humberto Daniel Klee and David Wallak ("Plaintiffs") and Defendant Nissan North America, Inc. ("Nissan") respond as follows to this Court's December 17, 2012 Order to Show Cause Why This Action Should not be Dismissed for Lack of Jurisdiction ("OSC"). Specifically, the Court requested that Plaintiffs submit briefing addressing the "Home State" or "Local Controversy" exception to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(4). Under that exception, a district court must decline to exercise jurisdiction when greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed. As set forth below, Defendant's own declarant confirms that less than two-thirds of the members of the class are California citizens. Consequently, the above-referenced exception does not apply.

**PLAINTIFFS' CLAIMS**

This nationwide class action is brought on behalf of all owners and lessees of the Nissan Leaf. The Nissan Leaf is an electric vehicle propelled by an electric motor and powered by a rechargeable lithium ion ("Li-ion") battery pack. Instead of adding gasoline or diesel fuel to a gas tank, Nissan Leaf drivers charge their vehicles at charging stations or using at-home chargers.

Plaintiffs' First Amended Complaint alleges that Defendant failed to disclose and/or intentionally omitted to reveal a uniform design defect in the Leaf's battery system that causes all Nissan Leaf Class Vehicles to prematurely lose battery life and driving range and that Defendant made materially misleading representations and omissions regarding the Leaf's battery capacity and driving range. While the original complaint alleged claims on behalf of California and Arizona owners under California and Arizona law only, the FAC alleges a nationwide class and nationwide claims, in addition to the state law claims, including violation of the Magnuson-Moss Warranty Act, breach of implied warranty of merchantability, and negligent misrepresentation.

**THE "HOME STATE" OR "LOCAL CONTROVERSY" EXCEPTION DOES NOT APPLY**

This case does not involve the "Home State" or "Local Controversy" exception to CAFA because more than one-third of the members of the Class are not California citizens. Under the "Home State" or "Local Controversy" exception to CAFA, CAFA jurisdiction will not be exercised if:

(1)   More than two-thirds of the class and at least one defendant are citizens of that state;

(2)   Significant relief is being sought against the local defendant; or the "primary defendant" is local.

Here, Nissan is a citizen of California (state of incorporation), and is the primary defendant in this case.

The accompanying declaration by Eva Ribman, the Senior Planner in Nissan North America Inc.'s Customer Quality Care Department, on behalf of Nissan confirms that less than two-thirds of all Nissan Leaf sales were made to persons or entities with addresses in California at the time of sale, and thus, a reasonable inference can be made that less than two-thirds of the members of the class are California citizens. (Ribman Decl., ¶ 4.) Accordingly, the "Home State" or "Local Controversy" exception does not apply.

This conclusion also is consistent with the First Amended Complaint's ("FAC") (Docket No. 22) allegations. With respect to CAFA jurisdiction, the complaint typically controls, and the court is permitted to draw reasonable inferences from the complaint to determine if a CAFA exception applies. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). Since the class is defined in the FAC as a nationwide class of purchasers alleging nationwide claims and seeking nationwide relief, and the claims asserted involve matters of national or interstate interest, the only reasonable inference to be

drawn here is that this is not a local or home state controversy. (*See*, *e.g.*, FAC ¶¶ 2, 69.) This conclusion is confirmed by Nissan's declarant.[1] (*See* Ribman Decl. at ¶ 4.)

Based on the foregoing, the "Home State" or "Local Controversy" exception does not apply, and that this Court has subject matter jurisdiction over this matter pursuant to CAFA. Accordingly, this matter should not be dismissed.

Further, the parties have settled this matter, which would resolve this case in its entirety. Plaintiffs intend to submit papers in support of preliminary approval by February 28, 2013. The settlement papers will describe the settlement in detail.

Dated:  January 4, 2013         Respectfully submitted,

                                Capstone Law APC


                                By: /s/ Tarek H. Zohdy
                                    Jordan L. Lurie
                                    Tarek H. Zohdy

                                Attorneys for Plaintiffs
                                Humberto Daniel Klee and David Wallak

---

[1] Plaintiffs' FAC was filed on December 14, 2012. It is possible that the issuance of the OSC on December 17, 2012 crossed with Plaintiffs' filing of the FAC, and that the filing of an FAC with a nationwide class and nationwide claims would have resolved the jurisdiction issue without more. In any event, the declaration by Nissan confirms Plaintiff's allegations regarding CAFA jurisdiction.