SEDGWICK LLP
PAUL RIEHLE (STATE BAR NO. 115199)
KELLY SAVAGE DAY (STATE BAR NO. 235901)
JIA-MING SHANG (STATE BAR NO. 233326)
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635
Email: paul.riehle@sedgwicklaw.com

SEDGWICK LLP
JAMES NELSON (STATE BAR NO. 181256)
801 S. Figueroa St., 18th Floor
Los Angeles, California 90017
Telephone: (213) 615-8056
Facsimile: (213) 426-6921
Email: james.nelson@sedgwicklaw.com

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

FILED
CLERK, U.S. DISTRICT COURT
FEB 1 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO DANIEL KLEE and DAVID WALLAK individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. CV12-08238 DDP (PJWx)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Judge: Hon. Dean D. Pregerson<br>Ctrm: 3, Spring Street, 2nd Flr. |

## FRCP 26(C)(1) GOOD CAUSE STATEMENT

As requested and agreed to by Plaintiffs in the above-captioned action ("Plaintiffs") and Defendant in the above-captioned action ("Defendant"), the parties request that the Court issue this proposed Protective Order (the "Order") to facilitate document disclosure and production in the above captioned litigation (referred to as the "Litigation") under the Local Rules of Central District of California and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall apply to the Litigation and remain in effect through the conclusion of the Litigation.

In support of this Protective Order, the parties state that:

1. This Litigation concerns alleged battery capacity loss by owners and lessees of the Nissan LEAF, an electric car introduced to the United States in December 2010. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this Litigation. Specifically, at this time, Plaintiffs seek confidential, proprietary and/or trade secret information concerning, among other information, Defendant's internal studies and data about the rate of battery capacity loss;

2.  The parties to this Litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.  Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary and/or trade secret nature of such Confidential Information; and

4.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this Litigation, the following Protective Order should issue:

**IT IS THEREFORE STIPULATED FOR AN ORDER THAT:**

1.  Documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony or discovery by any party in this Litigation are referred to as "Confidential Material." Except as otherwise indicated below, all documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony designated by the producing party as "Confidential" or "Subject to Protective Order," and which are disclosed or produced to the attorneys for the other parties

2

to this Litigation are Confidential Material and are entitled to Confidential treatment as described below.

2. Confidential Material shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for Confidential treatment.

3. With respect to deposition testimony, documents may be discussed in deposition, but the attorney making the disclosures shall advise the deponent to whom the materials or information contained therein are to be disclosed, that such materials may be disclosed pursuant to this Order only. All documents marked Confidential and identified as exhibits to the deposition are subject to this Order. The designation of confidentiality may be made on the record at the time of the deposition at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receiving the deposition transcript, notify the parties that the deposition testimony contains Confidential material, in which case the testimony shall be subject to the full protection of this Order.

4. If at any time during this litigation a party disputes the designation of discovery material as Confidential, the objecting party will notify the designating party in writing of such dispute, and request in writing a conference for the parties

to confer in a good faith effort to resolve the dispute. It shall be the responsibility of counsel for the objecting party to arrange for this conference within ten (10) days of the request for a conference. The objecting party's notice will identify the material in dispute and explain the basis for the objection. If no response is provided within ten (10) days of the objecting party's request for a conference, then the Confidential Material in dispute will no longer be subject to Confidential treatment as provided in this Stipulated Protective Order. If a timely response is made and the parties are unable to settle their differences, they shall formulate a written stipulation ("Joint Stipulation") in accordance with Central District of California Civil Local Rule 37-2.2. setting forth their respective positions on the confidentiality of the information at issue. The Joint Stipulation shall be filed and served with the notice of motion no later than seven (7) days after the conference of the parties to resolve the disagreement. Any hearing related to the dispute shall be set in accordance with Central District of California Civil Local Rule 37-3. After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion. All Confidential Material is entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a

party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to Confidential treatment

5. **Confidential Treatment.** Confidential Material and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below. Confidential Material may be copied only by the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order, and control and distribution of Confidential Material and copies thereof will be the responsibility of such counsel, who will maintain all written assurances executed by such persons as provided in paragraph 7.

6. Confidential Material and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) The named parties and counsel of record in the Litigation for the party or party receiving Confidential Material or any information contained therein;

(b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Actions;

(c) An independent contractor or expert retained by counsel to provide assistance, expert advice, technical consultation or testimony <u>in this Litigation</u> and the employees of any such contractors, experts, consultants or similar persons when working in connection <u>with this Litigation</u> under direct supervision of said person;

  (d) Court reporters transcribing depositions in the Action;

  (e) Any witness at deposition (as contemplated by Paragraph 3), trial, or hearing in the Action;

  (f) The Court (including the Court's administrative and clerical staff)..

Confidential Material shall not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure shall be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action. Confidential Material and any information contained therein shall be used by the receiving party or parties solely for the prosecution of this Litigation and shall not be used by the receiving party or parties for any other purpose of in any other litigation.

  7. Prior to the disclosure of any of the materials or information covered by this Order to persons identified in paragraphs 3 and 6 (c), (d) and (e) of this Order, counsel disclosing the materials or information shall present the person with a copy of this Order. After reading the Order, such persons shall initial each page of a copy of the Order and shall sign the attached form of "Acknowledgment of Protective Order" (the "Acknowledgement"). Copies of each such signed Order and Acknowledgement shall be maintained by counsel disclosing the materials or information. In the event that any of these individuals are identified or designated as witnesses or as experts who may testify in this Litigation, a copy of each such signed Order and Acknowledgement shall be provided to opposing counsel at the time of the designation.

STIPULATION FOR PROPOSED PROTECTIVE ORDER    CASE NO. CV12-08238 DDP (PJWx)
SF/3706689v1

8. Counsel of record for the party or parties receiving Confidential Material may create an index of the Confidential Material and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Confidential Material. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Confidential Material shall maintain a current log of the names and addresses of persons to whom the index was furnished.

9. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. To the extent that Confidential Material or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Confidential Material or information contained therein.

11. Any court reporter or transcriber who reports or transcribes testimony in this Litigation shall agree that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of

such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing Protected Material in accordance with the procedures set forth in C.D. Local Rule 79-5.1  In accordance with Central District of California Civil Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as Confidential Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and, if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers, to the extent redacted versions are necessary.  Prior to the time that a Party receiving the Protected Material from any other Party files with the Court an application and the other materials required by Local Rule 79-5.1 to seal the producing Party's Confidential Material, the Receiving Party shall consult with the Designating Party's attorney to determine whether the Designating Party will re-designate the previously designated Confidential Material so as to avoid the need for the request to file such information under seal. Upon the default of a Party to seek the Court's approval to file under seal, a document containing

8

Confidential Material, any Party may subsequently seek the approval of the Court to file that document under seal, in accordance with the procedures set forth in Local Rule 79-5.1.

13.  Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

14.  Documents unintentionally produced without designation as "Confidential" at any time during this litigation may be retroactively designated by notice in writing of the designated classification applicable to each document by Bates number, and by providing replacement copies of such documents with the appropriate designation, unless such documents have already been filed with the Court. Upon receipt of the replacement documents, the receiving party shall thereafter return the documents being replaced to the producing party, Such documents shall be treated as "Confidential" from the date written notice of the designation is provided to the receiving party. A person disclosing any materials that are subsequently designated as "Confidential" shall in good faith assist the party making the supplemental designation in retrieving such materials from all recipients not entitled to such materials under the terms of this Protective Order and to prevent further disclosures except as authorized under the terms of this Protective Order. Documents to be inspected shall be treated as "Confidential"

during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

15. A party's inadvertent production of privileged or Confidential Material or information in this litigation shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such document or other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced. Upon request, such inadvertently produced documents, and all copies thereof, shall be sent to the producing party within five (5) days of the date of the request, unless such documents have already been filed with the Court. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance. Nothing in this Paragraph shall prejudice the right of any party to seek discovery or communications, documents and things as to which a claim of attorney-client privilege or attorney work-product has been made.

16. The party or parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Material or any information contained therein.

17. If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, the

subpoenaed party shall give notice, as soon as practicable and in no event more than three business days after receiving the subpoena and at least seven business days before providing materials responsive to the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.

18. Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

19. After termination of this Litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this Litigation.

20. Within thirty (30) days of termination of this Litigation by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Confidential Material shall return the Confidential Material, including all copies to counsel for the party or parties disclosing or producing the Confidential Material or alternatively, the parties shall provide certification under oath under

11

penalty of perjury under the laws of the United States of America confirming that counsel have destroyed all documents within their possession. The party or parties receiving Confidential Material shall ensure that any person to whom they provided copies of any Confidential Information complies with this obligation. This provision will not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

21. This Stipulated Protective Order shall be binding on any party to this Stipulated Protective Order or any person having executed the attached Exhibit A. This Stipulated Protective Order also shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22. If other parties are added to this Litigation, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order. This provision does not prejudice any party's rights to otherwise object to the production or disclosure of Confidential Material or non-confidential documents or other information to a party added to this Litigation.

23. This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved.

**SO STIPULATED.**

DATED: February 15, 2013    Capstone Law APC

By: /s/ Jordan Lurie
Jordan Lurie
Attorneys for Plaintiffs HUMBERTO DANIEL KLEE and DAVID WALLAK

DATED: February 15, 2013    SEDGWICK LLP

By: /s/ Paul Riehle
Paul Riehle
Attorneys for Defendant NISSAN NORTH AMERICA, INC.

<u>Local Rule 5-4.3.4 Attestation</u>

I attest that that Plaintiffs' counsel Jordan Lurie concurs in this filing's content and has authorized the filing.

DATED: February 15, 2013    SEDGWICK LLP

By: /s/ Paul Riehle
Paul Riehle
Attorneys for Defendant NISSAN NORTH AMERICA, INC.

IT IS SO ORDERED.
DATED: 2/19/13
/s/ Patrick J. Walsh
UNITED STATES MAGISTRATE JUDGE
PATRICK J. WALSH

| | |
|---|---|
| 1 | SEDGWICK LLP<br>PAUL RIEHLE (STATE BAR NO. 115199) |
| 2 | KELLY SAVAGE DAY (STATE BAR NO. 235901)<br>JIA-MING SHANG (STATE BAR NO. 233326) |
| 3 | 333 Bush Street, 30th Floor<br>San Francisco, CA  94104-2834 |
| 4 | Telephone:  415.781.7900<br>Facsimile:   415.781.2635 |
| 5 | Email:  paul.riehle@sedgwicklaw.com |
| 6 | SEDGWICK LLP<br>JAMES NELSON (STATE BAR NO. 181256) |
| 7 | 801 S. Figueroa St., 18th Floor<br>Los Angeles, California 90017 |
| 8 | Telephone:  (213) 615-8056<br>Facsimile:   (213) 426-6921 |
| 9 | Email: james.nelson@sedgwicklaw.com |
| 10 | Attorneys for Defendant<br>NISSAN NORTH AMERICA, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO DANIEL KLEE and DAVID WALLAK individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.; and NISSAN MOTOR COMPANY, LTD.,<br><br>Defendants. | Case No. CV12-08238 DDP (PJWx)<br><br><br><br><br><br>Judge: Hon. Dean D. Pregerson<br>Ctrm: 3, Spring Street, 2nd Flr. |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA

I hereby acknowledge that I have read the Stipulated Protective Order Regarding Confidential Discovery Material ("Protective Order") entered in *Klee, et al v. Nissan North America, Inc.*, Case No.: CV12-08238 DDP (PJWx) ,

understand its terms, agree to be bound by each of those terms, and agree to submit myself to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the terms of the Protective Order. Specifically and without limitation upon such terms, I further agree that I will not disseminate, use or disclose any Confidential Material protected by the Protective Order that I have received and/or reviewed in this case to anyone other than the Qualified Persons defined in Paragraph 6 of the Protective Order.

Dated: __ day of _____ 20___.


_____
Signature

_____
Printed Name