UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

HUMERTO DANIEL KLEE and
DAVID WALLAK, individually,
and on behalf of class of similarly
situated individuals,

    Plaintiff,

    v.

NISSAN NORTH AMERICA,
INC.; and NISSAN MOTOR
COMPANY, LTD.

    Defendants.

NO. CV-12-8238-RHW

**ORDER OF RECUSAL**

In a prior Order, the Court indicated that it was conducting its own independent review of whether it should recuse itself from the above-captioned action. *See* ECF No. 104. As part of that process, the Court sought the opinion of the Committee on Codes of Conduct of the Judicial Conference of the United States. The Committee responded on January 21, 2014.[1] As set forth in the letter, the Court believes that it can be impartial when handling this case. This does not end the inquiry, however. Under Canon 3C(1), a judge must disqualify himself "in a proceeding in which the judge's impartiality might reasonably be questioned." To determine this, a judge must ask "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Clemens v. United States Dist. Ct. for the Cent. Dist. of Calif.*, 428 F.3d 1175, 1178 (9th Cir. 2005).

---

[1] The Committee's response is attached to this Order.

**ORDER OF RECUSAL** ~ 1

In its response, the Committee advised the Court to recuse itself, concluding that "a reasonable person might question whether you, or any district judge within your circuit, could impartially decide this issue, thereby implicating the general prohibition of Canon 3C." The Court agrees with this analysis; therefore, it has concluded that it is necessary to recuse itself from hearing the above-captioned case because Judge Kozinski is Chief Judge of the Circuit and a reasonable person "might question" the Court's impartiality.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court **recuses** itself from the above-captioned case.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to Ninth Circuit Judge Sidney Thomas.

**DATED** this 24 day of January, 2014.

_____
ROBERT H. WHALEY
United States District Judge

Q:\RHW\Los Angeles Cases\Klee\ord4.wpd

**ORDER OF RECUSAL**  ~ 2

**COMMITTEE ON CODES OF CONDUCT**
**OF THE**
**JUDICIAL CONFERENCE OF THE UNITED STATES**
_____

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**
**100 EAST VINE STREET, ROOM 400**
**LEXINGTON, KENTUCKY 40507-1442**

| | |
|---|---|
| JUDGE JOHN M. ROGERS<br>CHAIR | Tel (859) 233-2680<br>Fax (859) 233-2679<br>CA06-ROGERS_CHAMBERS@CA6.USCOURTS.GOV |
| JUDGE JANICE ROGERS BROWN<br>JUDGE RALPH R. ERICKSON<br>JUDGE ARTHUR B. FEDERMAN<br>JUDGE ANDREW J. GUILFORD<br>JUDGE WILLIAM G. HUSSMANN<br>JUDGE PAUL J. KELLY, JR.<br>JUDGE VIRGINIA M. KENDALL<br>JUDGE THOMAS J. McAVOY<br>JUDGE SHARON PROST<br>JUDGE JEROME B. SIMANDLE<br>JUDGE GEORGE Z. SINGAL<br>JUDGE REBECCA BEACH SMITH<br>JUDGE MARC T. TREADWELL<br>JUDGE JAY C. ZAINEY | ROBERT P. DEYLING<br>COUNSEL<br>Tel (202) 502-1100<br>Fax (202) 502-1033<br>ROBERT_DEYLING@AO.USCOURTS.GOV |

January 21, 2014

The Honorable Robert H. Whaley
United States District Court
  Eastern District of Washington
Thomas S. Foley United States Courthouse
920 West Riverside Avenue, Room 797
Spokane, WA 99201

      Re:    Docket No. 2375

Dear Judge Whaley:

      Thank you for your inquiry. The Committee on Codes of Conduct is pleased to respond. This response is advisory only, and based solely on the judgment of the Committee members. Many of the proscriptions of the Code of Conduct for United States Judges are cast in general terms, and the Code is "to be construed so it does not impinge on the essential independence of judges in making judicial decisions." Commentary to Canon 1.

      Recently you were assigned to handle a case after two district judges from another district within your own circuit recused themselves. The case is a class action, and an objector to its proposed settlement is the chief judge of the court of appeals that includes your district. You have concluded that you can be truly impartial when handling the case.

However, you seek an advisory opinion on whether you must disqualify yourself under the objective test for recusal applied by the Ninth Circuit. For the reasons that follow, the Committee advises that you recuse and consider seeking, through your chief district judge, the designation of a district judge from another circuit to handle the case.

The inquiry implicates Canon 3C(1), which requires a judge to disqualify himself "in a proceeding in which the judge's impartiality might reasonably be questioned." Although recusal decisions are also governed by the recusal statutes, 28 U.S.C. §§ 455 and 144, and the case law interpreting them, the Committee is not authorized to render advisory opinions interpreting §§ 455 and 144. However, Canon 3C of the Code closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code.

In class action cases, "[a]ll members of the class are parties, whether named or unnamed, so long as they have not opted out of the class." Compendium § 3.1-6[4](a); *see also* Advisory Op. No. 90 (advising that Rule 23(b)(3) class members are "parties" for purposes of Canon 3C(1)(d)(i), which requires disqualification if "the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is . . . a party to the proceeding").

In this situation, the judge in question is even more than a mere class member and party. He and his wife have filed an objection to the class action settlement. The judge in question sits on panels that decide appeals from you and your court. Moreover, as chief judge, he may make decisions regarding designation or assignment of district judges within the circuit to sit on the court of appeals. 28 U.S.C. § 292. He will also review any complaints of judicial misconduct and disability involving district judges in the circuit. 28 U.S.C. § 352.

Canon 3C does not contain a specific enumerated requirement that mandates you to recuse in this particular situation, and you have stated that you believe you can be truly impartial when handling the case. However, we believe that a reasonable person might question whether you, or any district judge within your circuit, could impartially decide this issue, thereby implicating the general prohibition of Canon 3C. Accordingly, the Committee advises that you recuse and consider seeking, through your chief district judge, the designation of a district judge from another circuit to handle the case. *See* 28 U.S.C. §§ 292(d), 294(d) (statutes setting forth procedures for such an inter-circuit transfer); *see generally id.* at § 331 (authorizing the Judicial Conference to "prepare plans for assignment of judges to or from circuits or districts where necessary").

The Committee treats all inquiries and responses as confidential and will disclose information about them only in the narrow circumstances described in the Committee's confidentiality policy. *See* Guide to Judiciary Policy, Vol 2B, Ch. 1, § 130. As the recipient of this letter, you may use it as you pleases.

We hope this response has been helpful.  If you have any further questions, please call or write.

For the Committee,

*John M. Rogers*

John M. Rogers
Chair