**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUMBERTO DANIEL KLEE and DAVID WALLAK, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | No. CV 12-08238 AWT<br><br>**ORDER RE REQUEST FOR MEDIATION** |

In the parties' Joint Status Report, filed 03/24/2014, Plaintiffs "request that the Objection be referred to mediation."[1] Defendant states that "it does not oppose Plaintiffs' request that the Objection be referred to mediation."

On its face, however, the request appears to be problematic. While the court is aware that the potential settlement of a class action (*i.e.*, between the plaintiff class, its attorneys, and the defendant(s)) has been the subject of mediation (including, presumably, the terms of the settlement and attorneys fees), *see, e.g., In re Bluetooth Headset Prod.*

---

[1] Plaintiffs use of the term "the Objection" presumably is limited to the Kozinski/Tiffany objection inasmuch as this is the only objection discussed in the Joint Status Report.

*Luability Litig.*, 654 F.3d 935, 938 (9th Cir. 2011), it is unaware of any reported case sanctioning mediation of an objection to the fairness of a proposed settlement. Because the validity of any objection turns on the strength of that objection to the fairness, reasonableness, and adequacy of the settlement, unless objectors are ready to concede that their objection lacks merit, dealing with it, even in mediation, necessarily requires an examination of the merits of the proposed settlement. Thus, it would seem futile to mediate an objection without the participation of Defendant in the mediation. The court, therefore, is reluctant to defer consideration of the pending motion for final approval of the settlement pending completion of a mediation limited to class counsel and Objectors.

The court, however, is willing to refer the proposed settlement and any objections thereto to mediation (and, in fact, encourages it), provided that Defendant, as well as Plaintiffs and Objectors, is willing to participate in such a mediation. The parties[2] shall inform the court within ten (10) calendar days whether they are agreeable to participating in such a mediation. If so, they should also indicate the agreed-upon mediator – Judge Infante or another neutral – and whether they agree on who is responsible for, or how to divide, the mediator's compensation. If the parties are unable to agree on who is responsible for compensation, their agreement to engage in mediation shall be deemed to include a provision that the court shall decide how the mediator's compensation shall be determined and who shall be responsible for its payment.

Dated: April 15, 2014

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation

---

[2] Plaintiffs shall inform the court of Objectors willingness to participate in such a mediation.